UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MALLORY BLANDING,<br><br>                 Petitioner,<br><br>v.<br><br>MARTIN O'MALLEY, *Acting Commissioner of Social Security*[1]<br><br>                 Respondent. | Civil No. 3:23-cv-00881-MEG<br><br><br><br>Date: May 21, 2024 |

**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**
**UNDER THE EQUAL ACCESS TO JUSTICE ACT**

Petitioner Mallory Blanding ("Petitioner") successfully appealed the Social Security Administration's denial of her claim for disability and disability insurance benefits. Specifically, her counsel moved to remand the administrative law judge's denial, and Respondent, Acting Commissioner of the Social Security Administration ("Commissioner"), consented to the remand. Petitioner now seeks attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. For the following reasons, the Court **GRANTS** the motion but reduces the award to $13,649.80 in attorney's fees and $7.70 in costs.

**I.   BACKGROUND**

Petitioner appealed the denial of her social security application on July 3, 2023. *See* Compl. (ECF No. 1). After the parties consented to a magistrate judge's jurisdiction, the Court ordered Petitioner to file a motion to reverse and/or remand by September 28, 2023 and ordered the

---

[1] Carolyn W. Colvin is no longer the Acting Commissioner of Social Security. Martin O'Malley is the current Commissioner who is automatically substituted as the official-capacity party. *See* Fed. R. Civ. P. 25(d).

1

Commissioner to respond by October 28, 2023. *See* Scheduling Order (ECF No. 13). Petitioner's counsel did not comply with her deadline, nor did she seek an extension. On October 18, 2023, the Court issued an Order to Show Cause requiring Petitioner to file a motion no later than October 25, 2023, and to "show cause why this case should not be dismissed for failure to prosecute." *See* OSC (ECF No. 16).

On October 23, 2023, Petitioner moved to remand the case. *See* Mot. Remand (ECF No. 18). Respondent consented, *see* Consent Mot. Remand (ECF No. 24), and this case was remanded on December 8, 2023, *see* Order (ECF No. 25). Petitioner moved for attorney's fees on March 13, 2024. *See* Mot. Atty. Fees (ECF No. 27).

## II.  LEGAL STANDARD

When an applicant for social security benefits successfully brings an appeal before the court, they may collect attorney's fees under two different statutory schemes. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808–09 (2002).

The first scheme is authorized under the Social Security Act itself. Section 406(b) of Title 42 of the United States Code states that "[w]henever a court renders a judgment favorable to a claimant" represented by an attorney, the court may award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment…." 42 U.S.C. § 406(b)(1)(A). In other words, a court may award the claimant reasonable attorneys' fees—whether set at an hourly rate or on contingency, *see Gisbrecht*, 535 U.S. at 800, 808–09—for work related to representation <u>in court</u>, and such fees will be paid from the past-due benefits award, so long as the fees are 25% or less of the past-due benefits. *See Culbertson v. Berryhill*, 586 U.S. ---, 139 S. Ct. 517, 522 (2019).

The second scheme is authorized under the EAJA, 28 U.S.C. § 2412, a statute that applies to civil cases against the United States or its agencies. Under § 2412, a court may award a "prevailing party" the "reasonable fees and expenses of attorneys" calculated as "the actual time expended and the rate at which fees and other expenses were computed," so long as the United States' position was not "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(b), (d)(1)(A), (B). For social security cases, an EAJA award operates as an offset to § 406(b) fees insofar as the claimant's past-due benefits can be increased by the EAJA award "up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796. "Any fee award under the EAJA must be reasonable." *Maerkel v. Comm'r of Soc. Sec.*, No. 3:17-cv-00170 (JAM) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983)). Reasonableness is calculated by "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. It is the petitioner's burden to prove the hours expended and hourly rate are reasonable. *See id.* at 437.

## III.  DISCUSSION

Petitioner seeks $16,992.19 in reasonable attorney's fees (i.e., 69 hours of work at an hourly rate of $246.26) and $7.70 in costs. Petitioner submitted a fee ledger as well as a memorandum of law—the latter focused on the absence of the Respondent's "substantial justification" and did not explain why the fees or hourly rate are reasonable.

Respondent opposes the fee request for five reasons of which four concern the hours expended and one concerns the hourly rate. With respect to the hours, Respondent argues: (1) counsel should not bill more than the customary 20 to 40 hours because the issues are not novel or complex and the record is a typical size; (2) Petitioner's counsel spent an excessive amount of time on the motion to remand; (3) counsel billed but should not be compensated for clerical tasks; and

(4) counsel should not be compensated for responding to the order to show cause, because that work would not have existed but for counsel's own errors. As for the hourly rate, Respondent argues that Petitioner's counsel incorrectly used the current CPI-adjusted rate rather than what would have been in effect at the time of litigation.

Petitioner did not reply to Respondent's opposition.

### A. Hours

Counsel seeking fees "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary…." *Id.* "Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." *Rodriguez v. Astrue*, No. 3:08CV00154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009). For more than a decade, it has been a guiding principle that a routine social security case may take 20 to 40 hours on average. *See Arlene P. v. Saul*, No. 3:21-cv-895 (SRU), 2023 WL 3073507, at *2 (D. Conn. Apr. 25, 2023) (citing *Poulin v. Astrue*, No. 3:10 CV 1930(JBA), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012) (collecting cases)). "Notably, the case law finding that twenty to forty hours represents an average necessary investment of time pre-dates the adoption in this District of a new practice requiring the plaintiff to provide a detailed medical chronology, with citations to the record, in the motion for remand." *Dupuy v. Colvin*, 3:14CV01430 (SALM), 2015 WL 5304181, at *2 (D. Conn. Sept. 9, 2015). Whether it is true that an average social security case still requires only 20 to 40 hours of legal work, it is this Court's view that each case merits its own case-by-case assessment of reasonableness. *See Hensley*, 461 U.S. at 436–37 ("[T]he district court has discretion in determining the amount of a fee award. This is appropriate in view of the district court's superior understanding of the litigation and the

desirability of avoiding frequent appellate review of what essentially are factual matters."); *Bathrick v. Astrue*, No. 3:11–CV–00101–VLB, 2015 WL 3870268, at *4 (D. Conn. June 23, 2015) ("The Court is charged with awarding reasonable attorney fees, which requires a case-by-case analysis, understanding the order of magnitude implicit in the average number of hours.").

The Court begins with Respondent's first argument: this is a typical case that does not warrant above-average hours. The record is 619 pages, well-within the average number. *See, e.g., Robert D. v. Kijakazi*, No. 3:17-cv-00075 (AWT), 2022 WL 633731, at *2 (D. Conn. Mar. 4, 2022) ("As to the size of the administrative record, 716 pages is 'typically' seen in Social Security cases."); *William M. v. Kijakazi*, No. 3:17CV1681(AWT), 2022 WL 292406, at *2 (D. Conn. Feb. 1, 2022) ("Here, the record is 692 pages, a size courts typically see[ ] in a Social Security case.") (internal quotation marks omitted); *Barnes v. Astrue*, No. 3:11CV01780 (HBF), 2013 WL 1296498 (D. Conn. Mar. 28, 2013) (reducing hours for a 650-page record). With respect to the complexity of the case, Petitioner challenged Steps 2 and 4, arguing the ALJ failed to consider certain impairments and that the failure impacted the residual functional capacity determination. *See, generally,* Mot. Remand Mem. (ECF No. 18-2). While Petitioner's counsel was certainly persuasive—given the case was voluntarily remanded—these types of arguments are not overly complex, nor are they novel. More-than-average hours are therefore not warranted under this factor.

Moving on to the number of hours spent <u>drafting the motion to remand</u>, the Court agrees with Defendant that these hours are excessive. From the Court's assessment of the ledger, Petitioner's counsel spent 54.3 hours analyzing the record in preparation of the drafting process and drafting the motion. *See* Services Rendered (ECF No. 27-1) at 10/05/23–10/22/23 (excluding certain entries). For the reasons explained above, this case is not complex enough, nor are the

5

issues novel enough, to warrant this many hours. This is especially true given counsel has been practicing since 1990, has litigated 200 social security cases, and was familiar with the record having represented Blanding before the agency. *See* Spat Decl. (ECF No. 27-3) ¶¶ 3–4; Opp'n at 6 (citing Tr. (ECF No. 12) at 1–6, 48–90). The Court finds that compensation for 45.0 hours is more appropriate under these particular circumstances.

As for the clerical tasks, it is well-settled that purely clerical tasks are not billable under a fee-shifting statute. *See Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 288 n.10 (1989); *Watrous v. Borner*, 995 F. Supp. 2d 84, 92 (D. Conn. 2014) (same); *Gelinas v. Colvin*, No. 3:13 CV 891(CSH), 2014 WL 2567086, at *2 (D. Conn. June 6, 2014) ("Counsel's hours spent doing certain clerical tasks, such as drafting a certificate of service, converting documents to searchable format, downloading court documents from CM/ECF, downloading the summons, compiling documents for service on defendant, and calendaring dates, are not compensable under the EAJA."). That being said, time taken to review filings is billable legal work. *Rodriguez*, 2009 WL 6319262, at *2 ("This court has recognized that ECF notices have taken the place of pleadings, and review of pleadings has always been work performed by counsel of record. The court agrees that the time billed for this activity should be compensable…."). This Court exercises its discretion not to second guess the case strategy and other legal work that is simultaneously performed by this solo practitioner.[2]

Lastly, the Court agrees with Respondent that Petitioner should not compensated for responding to the Order to Show Cause, as that is work that counsel would not have had absent

---

[2] In some cases, courts have reduced the billed hours due to vague or block entries that do not distinguish between clerical and substantive work. *See Beck v. Astrue*, No. 3:11CV01185 (JCH), 2013 WL 1296494, at *2 (D. Conn. Mar. 26, 2013) ("The Court finds that the inclusion of clerical tasks in block entries warrants a reduction of time."); *Friedman v. SThree PLC.*, No. 3:14CV00378(AWT), 2017 WL 4082677, at *2 (D. Conn. Sept. 15, 2017) (where counsel's billing grouped motions to seal with other work, reducing hours and finding "[t]his bundling makes it difficult, if not impossible, to determine how much time was allotted to work on the motions to seal"). The facts of these cases differ from the case at bar.

her own lack of diligence. *See, e.g., Yuflo-Reyes v. Berryhill*, No. 3:17CV02015(SALM), 2019 WL 582481, at *4 (D. Conn. Feb. 13, 2019) (declining to award time spent responding to order to show cause); *Weeks v. Colvin*, (finding it is not clearly erroneous to decline attorney's fees "1.8 hours spent reviewing the court's Order to Show Cause for failure to prosecute, filing a motion for extension of time in response, and reviewing related Court Orders regarding requests for extension of time"). Therefore, the Court reduces the hours by an additional 2.5 hours.

The Court finds that the remaining entries do not require reduction as the hours are properly billed as legal work and the amount of hours are reasonable:

| DATE | SERVICES | TIME |
|---|---|---|
| 05/06/2023 | Telephone consultation regarding denial of benefits by the Appeals Council; explain options and need for a review [of[ the file re denial and preparation for a civil action. Discuss filing fees and timing vs. filing a new application for benefits with the SSA. File review. | 1.7 |
| 06/25/2023 | Consultation to provide the client with a fee waiver. Review the document to assist with the completion and attachment of documentary evidence of state assistance to support the waiver. Answer questions/assist completion of the form. | 1 |
| 11/18/2023 | Email correspondence re extension of time for government review | .25 |
| 12/5/2023 | Email correspondence re remand discussion and stipulation | .2 |
| 01/31/2024 | Consultation with the plaintiff to update her on the status of the claim and proceedings. | .5 |
| 03/11/2024 | File review and draft EAJA petition | 2.75 |
| | **Total** | **6.4** |

### B. Billing Rate

The EAJA states, in relevant part, that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living…." 28 U.S.C. § (d)(2)(A). The cost of living adjustment in EAJA attorney's fees cases is measured by the

7

"corresponding Consumer Price Index for each year in which the legal work was performed." *Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 194 (2d Cir. 2000).

Respondent consents to an hourly rate with a "properly calculated cost-of-living adjustment in this case" but objects to counsel's proposed rate on the grounds that it constitutes the adjusted hourly rate for 2024, not 2023. Opp'n at 9. The Department of Labor's annual average Consumer Price Index for 2023 is 304.702, not 306.746 as Petitioner contends. *Historical CPI-U, December 2023,* Archived Consumer Price Index Supplemental Files, Dep't of Labor, available at https://www.bls.gov/cpi/tables/supplemental-files/historical-cpi-u-202312.pdf (last accessed May 17, 2024). Petitioner's calculation is otherwise correct. *See* Mot. Atty. Fees at 1. Accordingly, the corrected adjusted hourly rate is therefore $244.62.

## IV. CONCLUSION

For the above reasons, the Court awards Petitioner $13,649.80 in legal fees and $7.70 in costs. The attorney's fees are calculated at an hourly rate of $244.62 for the following hours:

- 45.0 hours for drafting the motion to remand;
- 4.4 hours of work described by Respondent as "clerical" which the Court has determined were reasonably billed;
- 6.4 hours of other legal work that was reasonably billed.

In awarding these EAJA fees to counsel, this amount must be refunded to Petitioner to off-set the § 406(b) award.

This is not a recommended ruling. The parties consented to the jurisdiction of the undersigned Magistrate Judge, who may therefore direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. *See* Consent Notice (ECF No. 14).

Appeals may be made directly to the appropriate United States Court of Appeals. *See* 28 U.S.C. § 636(c)(3); Fed. R. Civ. P. 73(c).  It is so ordered.

                                        */s/ Maria E. Garcia*
                                        Hon. Maria E. Garcia
Date: May 21, 2024                  United States Magistrate Judge